UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN YUNG,

        Plaintiff,

-against-

PEOPLE OF NEW YORK,

        Defendant.

24-CV-03605 (MMG)

**ORDER OF DISMISSAL**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/17/2024

MARGARET M. GARNETT, United States District Judge:

    John Yung, who is currently detained in the Otis Bantam Correctional Center on Rikers Island, filed this *pro se* action, which he styles as a motion for a notice of removal. Yung seeks to remove to this Court, under 28 U.S.C. § 1455, his criminal case pending in the Supreme Court of the City of New York, County of Kings. *See* Dkt. No. 1 at 1 (referring to pending case *People v. Yung*, No. 71296-23/01).

    For the reasons set forth below, the action is REMANDED to the Supreme Court of the City of New York, County of Kings.

## STANDARD OF REVIEW

    To remove a state court criminal action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1455(a).

    If it appears on the face of a notice of removal that removal of a criminal case should not be permitted, the district court must summarily remand the action to state court. 28 U.S.C. § 1455(b)(4).

## BACKGROUND

    Yung, a state court criminal defendant, brings this notice of removal, listing himself as Plaintiff and the People of New York as Defendant. Yung alleges that his constitutional rights were violated during and after his arrest on February 19, 2023. Specifically, Yung asserts that he was not read his *Miranda* rights, did not see a judge within 24 hours, and did not receive "protection of search/seizures of" his car. *See* Dkt. No. 1 at 1. Yung further alleges that Kings County prosecutors have failed to provide him with "exculpatory evidence," including police

body camera footage that would contradict identification testimony before the Grand Jury. *Id.* According to Plaintiff, he is unable to prepare legal documents "safely and normally while imprisoned at Rikers," and he seeks to be released. *Id.* Attached to Plaintiff's filing is a document indicating that Plaintiff is seeking *habeas corpus* relief. *Id.* at 2–3.

According to records maintained by the New York City Department of Correction, Yung's next court date in the Kings County Supreme Court is June 20, 2024.[1]

## DISCUSSION

A defendant removing a criminal action to federal district court must file a notice of removal in "the district court of the United States for the district and division within which such prosecution is pending." 28 U.S.C. § 1455(a). "The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded." *Id.* § 1455(b)(3).

Here, Yung is being prosecuted in Kings County, New York, which falls within the Eastern District of New York. *See* 28 U.S.C. § 112(c).[2] The notice of removal thus was not filed in the district court of the district in which the prosecution is pending. *See* 28 U.S.C. § 1455(a). Therefore, the Court concludes that removal is not proper, and the action is remanded to state court. *See* 28 U.S.C. § 1455(b)(4).

## CONCLUSION

Because removal of this action is improper, it is REMANDED under 28 U.S.C. § 1455(b)(4) to the Criminal Court of the City of New York, County of Kings. The Clerk of Court is directed to send a copy of this Order to that court and to close this action.

Dated: May 17, 2024
      New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

---

[1] https://a073-ils-web.nyc.gov/inmatelookup/pages/home/home.jsf.

[2] Plaintiff has filed three *habeas corpus* petitions in this District, all of which have been transferred to the Eastern District of New York. *See Yung v. Adams*, No. 24-cv-03153 (LTS) (S.D.N.Y. 2024), Dkt. No. 3; *Yung v. Adams*, 24-cv-02948 (LTS) (S.D.N.Y. 2024), Dkt. No. 3; *Yung v. Adams*, 24-cv-02535 (LTS) (S.D.N.Y. 2024), Dkt. No. 3.